UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1692-JST (ANx)                              Date:  March 20, 2012
Title:  Inogen, Inc. v. Inova Labs, Inc.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) GRANTING DEFENDANT'S MOTION TO STAY THE CASE (Doc. 15) and (2) GRANTING PLAINTIFF'S MOTION TO DISMISS (Doc. 13)**

### I.   INTRODUCTION

Before the Court is Defendant Inova Labs, Inc.'s  ("Inova's") Motion to Stay the case pending reexamination of Plaintiff Inogen, Inc.'s patents-in-suit by the United States Patent and Trademark Office ("USPTO").  (Doc. 15.)  Plaintiff Inogen, Inc. ("Inogen") has filed an opposition (Opp'n, Doc. 31), and Inova has replied (Reply, Doc. 36).  Also before the Court is a Motion to Dismiss Inova's inequitable conduct counterclaim filed by Inogen.  (Mot. to Dismiss, Doc. 13.)  Inova filed an opposition (Doc. 33), and Inogen replied (Doc. 35).  Having read and considered the papers and taken the matter under submission, the Court GRANTS Inova's Motion to Stay, and GRANTS Inogen's Motion to Dismiss.

### II. BACKGROUND

Inogen and Inova Labs, Inc. are both participants in the oxygen concentrator market.  Inogen filed this action on November 4, 2011, asserting claims for infringement of United States Patent Number 7,841,343 ("the '343 patent") and United States Patent Number 6,605,136 ("the '136 patent") (collectively, "patents-in-suit").  (Compl., Doc. 1.) Inogen served the Complaint on Inova on December 8, 2011 (Proof of Service, Doc. 5), and Inova filed its Answer on January 30, 2012 (Answer, Doc. 7).  On February 8, 2012,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1692-JST (ANx)            Date: March 20, 2012

Title: Inogen, Inc. v. Inova Labs, Inc.

Inova filed requests for *inter partes* reexamination of both of the patents-in-suit. (Mot., Ex. 1, Doc. 17.) On February 9, 2012, and February 14, 2012, the USPTO issued notices to Inova that its requests for reexamination of the '343 patent and the '136 patent, respectively, were deficient. (Zovko Decl., Exs. I &J, Doc. 32.) On March 1, 2012, and March 2, 2012, the USPTO acknowledged receipt of corrected requests for reexamination of both patents. (Wilkinson Decl. ¶ 3, Ex. 5, Doc. 36-2.) The USPTO must decide whether to grant Inova's reexamination requests within three months of the March 1 and March 2 filing dates. 35 U.S.C. § 312(a).[1]

### III. MOTION TO STAY

#### a. Legal Standard

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art," 35 U.S.C. § 302, and "[a]ny third-party requester at any time may file a request for inter partes reexamination by the [USPTO] of a patent on the basis of any prior art . . . ." 35 U.S.C. § 311(a). A district court has the discretion to stay judicial proceedings pending reexamination of a patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts consider three factors in determining whether to grant a stay pending reexamination: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

     Inogen asserts that the relevant statute, 35 U.S.C. § 318, envisions a stay only after the USPTO has granted a request for reexamination. (Opp'n at 1.) However, the Federal

---

[1] On March 15, 2012, Inova provided the Court notice that the USPTO has issued a notice of filing date, setting the date on which the corrected applications were received as the filing date. (Notice of Errata at 2, Ex. A, Doc. 37.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 11-1692-JST (ANx) | Date: March 20, 2012 |
| Title: Inogen, Inc. v. Inova Labs, Inc. | |

Circuit has made clear that § 318 does not alter the Court's inherent authority to stay proceedings pending reexamination. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). Instead, § 318 simply allows a patentee to "more readily" obtain a stay after the USPTO has granted a request for *inter partes* reexamination. *Id.*

### b. Discussion

#### i. Stage of Litigation

Inogen implicitly concedes that the case is in an early stage of litigation. The parties just conducted their initial Rule 26(f) conference on February 23, 2012. (Opp'n at 4.) Inogen asserts that Inova ignored Inogen's requests to begin the discovery process, including delaying the 26(f) conference from January, when Inogen first sought to conduct the conference, to the end of February, and failing to provide comments on a draft protective order. (Opp'n at 3-4, 8.) However, the Court did not issue an order setting the scheduling conference until mid-February, and set April 23, 2012, as the date for the scheduling conference. (Order Setting Scheduling Conference, Doc. 12.) Therefore, no discovery cut-off dates or a trial date would be set until mid-April, regardless of Inova's action or inaction in January and February. Accordingly, the Court concludes that this factor weighs in favor of a stay. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that litigation should be stayed when the "parties have not engaged in extensive discovery and no trial date has been set"); *ASCII Corp.*, 844 F. Supp. at 1381 (granting stay where "the parties are in the initial stages of the lawsuit and have undertaken little or no discovery").

#### ii. Simplification of Issues

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US]PTO and clarifying the scope of the claims." *Target*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1692-JST (ANx)                                         Date:  March 20, 2012
Title:  Inogen, Inc. v. Inova Labs, Inc.

*Therapeutics*, 33 U.S.P.Q.2d at 2023.   This is particularly true where, as here, a party has requested reexamination of each of the patents-in-suit,[2] and Inogen asserts only claims for patent infringement against Inova.  *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination, even before the USPTO determined whether reexamination was warranted, in part because defendant's request for reexamination included all claims at issue in the litigation); *Cf. ADA Solutions, Inc. v. Engineered Plastics, Inc.*, --- F. Supp. 2d ----, 2011 WL 4764329, at *3 (D. Mass. Oct. 7, 2011) (denying a stay pending *inter partes* reexamination, in part because defendants also asserted several federal and state counterclaims, including allegations of false advertising and defamation).  Furthermore, once granted, *inter partes* reexaminations "are guaranteed to finally resolve at least some issues of validity because the requesting party is barred from seeking district court review on any grounds it could have raised in the reexamination."  *Avago Tech. Fiber IP(Singapore) Pte. Ltd. v. IPtronics, Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).  Here, Inova is both the requesting party and the only defendant, and therefore, any issue of invalidity that Inova raises or could raise in the reexamination process cannot be relitigated in this action.  *Cf. Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 763 (S.D. Tex. 2010) (noting that the estoppel effect of *inter partes* reexamination carries less weight when there are several defendants that are not parties to the reexamination proceeding and therefore, are not bound by the estoppel effects of the proceeding).  While Inova has asserted invalidity counterclaims that it cannot raise in the reexamination process, the Court finds that this does not significantly diminish the likelihood that the issues will at least be simplified, if not completely resolved, by the reexamination process.

      The Court also notes that both parties cite statistics regarding the *inter partes* examination process throughout their papers, including the percentage of requests for reexamination that are granted, and the percentage of claims that are amended or cancelled through the reexamination process.  However, the Court is hesitant to rely

---

[2] With respect to the '136 patent, Inova asserts and Inogen does not dispute that the reexamination request covers all of the claims that are at issue in this litigation.  (*See* Mem. of P. & A. at 14, Doc. 16.)  As to the '343 patent, Inova has not specified the scope of its reexamination request, but Inogen does not assert that any of the relevant '343 claims are outside the scope of Inova's reexamination request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1692-JST (ANx)                                    Date: March 20, 2012
Title: Inogen, Inc. v. Inova Labs, Inc.

heavily on these statistics, as Congress recently amended the standard for granting a request for *inter partes* reexamination. Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 314(a), 125 Stat. 284 (2011). Specifically, "[t]he threshold for initiating an inter partes review [was] elevated from 'significant new question of patentability'—a standard that [previously] allow[ed] 95% of all requests to be granted—to a standard requiring petitioners to present information showing that their challenge has a reasonable likelihood of success." H.R. Rep. No. 112-98, (Pt. 1), at 47 (2011); *see also Pragmatus AV*, 2011 WL 4802958 at *3 n.1. Neither party has provided any statistics, presumably because none are available yet, regarding the percentage of requests for *inter partes* reexamination that are granted under this new standard. Nor have the parties provided statistics regarding the percentage of claims that are amended or cancelled after a reexamination request has been granted under the "reasonable likelihood" standard. Congress apparently intended to partially shift the merits determination earlier, to the petition stage of reexamination, likely resulting in a decrease in petitions granted, but an increase in amended or cancelled claims after a request has been granted. *See* David H. Herrington, et al., *Congress Makes Substantial Changes to Patent Law With the America Invents Act*, 23 No. 12 Intell. Prop. & Tech. L. J. 3, 6 (2011). This suggests that if Inova's requests for *inter partes* reexamination are granted,[3] there is an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination. On the other hand, as discussed below, if the USPTO rejects Inova's requests, the stay will be relatively short. Therefore, this factor weighs in favor of a stay.

                         iii. <u>Undue Prejudice or Clear Tactical Disadvantage</u>

       Inogen asserts that Inova knew about Inogen's infringement claims as early as August 2011, but did not file its requests for reexamination until February. (Opp'n at 2-3, 15.) The Court does not find this delay to suggest a dilatory motive. *See Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09-05040 JSW, 2010 WL 1526388, at *3 (N.D. Cal. Apr. 14, 2010) (finding no evidence of a dilatory motive when defendant requested a

---

[3] It is possible the USPTO will grant only one of the reexamination requests. However, Inogen does not assert the likelihood of that occurring as a reason why reexamination will not simplify the issues. The Court would have expected to see such an argument if it were relevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-1692-JST (ANx)                                              Date:  March 20, 2012
Title:  Inogen, Inc. v. Inova Labs, Inc.

reexamination three months after plaintiff filed its complaint and filed a motion to stay on the same day).

Inogen also asserts that it will suffer undue prejudice as a result of a stay because Inova is its direct competitor in the emerging oxygen concentrator market, and a lengthy stay of three to six years would allow Inova to gain market share at the expense of Inogen's permanent loss of market share.  (Opp'n at 13-14.)  Courts are more likely to find undue prejudice when the parties are direct competitors.  *See ADA Solutions*, 2011 WL 4764329 at *2.  However, there are several factors here that undermine Inogen's assertion of undue prejudice.  First, Inogen waited a month after filing its Complaint before serving the Complaint on Inova, and has yet to request a preliminary injunction, suggesting that monetary damages will adequately compensate Inogen should Inova be found liable for patent infringement.  *See Pacific Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1067 (W.D. Wash. 2011) (concluding that a stay would not be unduly prejudicial, in part because plaintiff had not sought any form of preliminary injunctive relief).   Additionally, Inova has provided evidence that the oxygen concentrator market includes at least ten participants (Reply at 15), diluting the direct effect of Inova's sales on Inogen's market share.

Furthermore, given the recent change to the *inter partes* reexamination standard, it is unclear whether the *inter partes* reexamination process will take as long as current statistics suggest.  If the USPTO does not grant either of the requests for reexamination, the stay will be in place no longer than three months.  If the USPTO grants either or both of the requests, the significance of that decision under the elevated standard for reexamination combined with the possibility of a shorter reexamination process, the early stage of this litigation, and Inogen's failure to move for preliminary injunctive relief suggest that a stay is appropriate.  Accordingly, Inova's Motion to Stay pending reexamination is GRANTED.

### IV. MOTION TO DISMISS

Inogen asserts that staying this action without ruling on its motion to dismiss Inova's inequitable conduct counterclaim will allow allegations of fraud to linger in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 11-1692-JST (ANx) | Date: March 20, 2012 |
| Title: Inogen, Inc. v. Inova Labs, Inc. | |

public record during the length of the stay. (Opp'n at 14-15.) In response, Inova has stated that it "will agree to amend its pleading to omit the allegation of inequitable conduct during the pendency of the stay." (Reply at 22.) In light of this Order granting the stay, the Court GRANTS Inogen's Motion to Dismiss and DISMISSES the inequitable conduct counterclaim without prejudice.

## V. CONCLUSION

For the foregoing reasons, and in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings, the Court GRANTS Inova's Motion to Stay. This action is STAYED pending final exhaustion of both pending reexamination proceedings, including any appeals. The parties shall file a joint status report within ten (10) days after the conclusion of the reexaminations informing the Court of the USPTO's decisions and, if applicable, requesting the Court to lift the stay. Inogen's Motion to Dismiss is GRANTED, and Inova's inequitable conduct counterclaim is dismissed without prejudice.

Initials of Preparer: enm